**JAMES KOUSOUROS**
ATTORNEY AT LAW

260 Madison Avenue, 22nd floor • New York, NY 10016
212•532•1934 / 212•532•1939 fax
E-mail: James@kousouroslaw.com

JAMES KOUSOUROS
FOUNDER & PRINCIPAL

EVAN L. LIPTON
COUNSEL

EMMA J. COLE
LEGAL ASSISTANT

January 19, 2024

**By ECF**

Hon. Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Ayers, et al.,* 20 Cr. 239 (BMC)

Dear Judge Cogan:

We represent defendant Derrick Ayers in the above-referenced matter. We write to respectfully request that the Court preclude the Government from introducing into evidence: (1) graphic photographs of injuries to the victims of the alleged homicides in the Indictment; (2) hearsay statements of others, inadmissible against Mr. Ayers, which the Government will argue implicate Mr. Ayers; (3) dismissing Counts 22, 23, 28, 29, 30, 31, 32 and 34 for lack of venue and (4) if the Court declines to dismiss Count 34, severing Count 34 charging Mr. Ayers as Felon in Possession of Firearms.

I.   **The Court Should Preclude Graphic Photographs of Injuries Sustained by Jonathan Jackson, Paul Hoilett and Mike Hawley.**

Based upon discovery disclosed to date, it is anticipated that the Government's trial exhibits will include disturbing depictions of the victim's injuries after being shot. Photographic evidence depicts, for example, Mr. Jackson lying on the ground with blood pooling near and around his body, and then photographs of gunshot wounds to his body during the autopsy.[1] We further anticipate that the Government will seek to introduce similar photographs involving the alleged homicide of Paul Hoillett, who was shot at point blank range on a public street. These images provide little probative value of the issues in dispute at trial, will be cumulative of other evidence describing the victims' injuries and will be unduly prejudicial. They should be excluded or limited to address specific facts relevant to the issues at trial.

At the outset, neither the injuries nor the nature of the injuries sustained by the victims are in dispute. In fact, the incidents are depicted on video. We expect that the Government will call a witness from the Office of the Chief Medical Examiner to testify as to the nature and extent of

---

[1] We do not object to the photographs of Mr. Jackson lying on the ground fully clothed at the scene of the shooting.

1

the injuries. There is no relevance that could possibly outweigh the prejudicial impact of photographs taken in the aftermath of the shootings. Moreover, we anticipate that the Government will also present testimony of law enforcement officers and first responders who observed the victims' injuries, and of percipient witnesses to the shootings as well as 911 calls. These witnesses will all testify regarding the incidents precipitating the shootings, some witnessed the shootings and others reported them rendering the graphic photographs cumulative.

The graphic photographs carry a severe risk of eliciting a prejudicial emotional reaction from the jury. Because the photographs do not help the jury in a factual determination but are highly prejudicial and serve only to inflame the jury, these exhibits should be precluded under Fed. R. Evid. 403 or at least limited to issues that the Government can demonstrate are relevant to the issues at trial. *See United States v. Eyster*, 948 F.2d 1196, 1212 (11th Cir. 1991).

II. **The Court Should Require the Government to Provide the Court and Defense with Any Out of Court Statements Attributed to Co-defendants but Inadmissible Against Mr. Ayers.**

We understand that the Court has previously ruled that statements of co-conspirators will be admitted subject to connection and that should the Government fail to prove membership in the conspiracy a limiting instruction would be given. While we can litigate the threshold question of admissibility of hearsay statements during the trial if necessary, our concern is with statements that are inadmissible against Mr. Ayers that the Government will nevertheless seek to use to implicate him. These would include statements made by others during interrogation, custodial or otherwise, Instagram posts and other social media "statements" that the Government will attribute to others. For the latter, we request that prior to the introduction of any social media postings, the Government should be directed to proffer how it intends to introduce any such posts and how it will lay an adequate foundation that the purported speaker/poster either made the statements or adopted them. *See* Fed. R. Evid. 104, 602, 901.

With respect to admissions or confessions by others, to the extent that they implicate Mr. Ayers, they are inadmissible against him unless they can be sufficiently redacted. *See Bruton v. United States*, 391 U.S. 123, 135 (1968). In some circumstances, notwithstanding redactions, such statements may present insurmountable prejudice against Mr. Ayers. *See United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998) ("'Prejudice' occurs in joint trials when proof inadmissible against a defendant becomes a part of his trial solely due to the presence of co-defendants as to whom its admission is proper.") Depending on the statements in issue, severance may be required. For this reason, we respectfully request that the Government identify any such statements it seeks to introduce at this trial and any proposed redactions to these statements.

Even if the Court were to approve proposed redactions of statements of others which would be otherwise inadmissible against Mr. Ayers, inquiry must be made as to whether the Government intends to argue in a manner which would vitiate the purpose of the redactions. *See Samia v. United States*, 143 S. Ct. 2004 (2023); *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

While we understand that the Court cannot rule on these issues without an opportunity to evaluate the proposed evidence, given the enormity of the discovery productions in this case, which is continuing as this letter motion is being drafted, it is impossible for us to parse through the all of the phone images and postings, surmise which ones the Government will seek to introduce, what the Government will argue and seek to exclude them. For this reason, we submit that it is appropriate for

the Court to direct the Government to identify the statements of others, other than co-conspirator statements it seeks to admit at this trial. We reserve the right to renew this argument upon our receipt of the Government's exhibit list.

### III. The Court Should Dismiss Counts 22, 23, 28, 29, 30, 31, 32 and 34 for Lack of Venue.

The Court should dismiss Counts 22, 23, 28, 29, 30, 31, 32 and 34 because the Government has failed to allege venue in the Eastern District of New York, and because there is no venue in this district for these offenses.

The right of an accused to be tried in the state and district in which he allegedly committed a crime is guaranteed in two provisions of the Constitution, Article III, §2, cl.3, and the Sixth Amendment, and is codified in Rule 18 of the Federal Rules of Criminal Procedure. "Venue is proper only where the acts constituting the offense—the crime's 'essential conduct elements' – took place." Determining proper venue "requires identifying where the physical 'conduct constituting the offense' took place." *United States v. Ramirez*, 420 F.3d 134, 144 (2d Cir. 2005), *quoting United States v. Rodriguez-Moreno*, 526 U.S. 275, 279, 280 (1999). In other words, a court should identify an offense's essential conduct elements and determine where those acts happened. *See United States v. Miller*, 808 F.3d 607, 615 (2d Cir. 2015).

The government must prove venue by a preponderance of the evidence, and it "must satisfy venue with respect to each charge" of an indictment charging multiple offenses. *United States v. Davis*, 689 F.3d 179, 185–186 (2d Cir. 2012) ("there must be some 'sense of [venue] having been freely chosen' by the defendant").

The Supreme Court has cautioned that the venue rules are not to be treated lightly. *United States v. Johnson*, 323 U.S. 273, 276 (1961). The Sixth Amendment of the United States Constitution has been interpreted to provide a guarantee of trial in the state and district in which the crime was committed. If prosecution is brought in an improper venue, timely objection will result in dismissal of the indictment and prevent further proceedings if the statute of limitations has run. A defendant may challenge venue prior to trial. *See, e.g., United States v. Novak*, 443 F.3d 150, 161-162 (2d Cir. 2006) (a defendant should object to lack of venue pretrial when "defect in venue is apparent on the face of the indictment.")

Count 22 charges Mr. Ayers and two codefendants with maintaining a drug stash house at an address in Searsport, Maine. ECF No. 823, Indictment S-8 ¶65. Specifically, it alleges that, in or about November 2019, Mr. Ayers and these codefendants leased, rented, used, or maintained a house in Maine for the purpose of manufacturing, distributing, and using controlled substances, in violation of 21 U.S.C. §§ 856(a) and (b). The Count alleges that this offense was committed "within the District of Maine and elsewhere," but does not allege that any part of the offense was committed in the Eastern District of New York or anywhere else for that matter. Indeed, it cannot. The alleged stash house was in Maine. Every element of the offense was committed in Maine. § 856 relates to maintaining a particular place for the manufacture, distribution, storage, or use of drugs. Venue for this offense lies where that place is—not in a neighboring state. *See, e.g.*, *United States v. Abarca*, No. 19-3751, 2021 WL 6803226, at *2-3 (2d Cir. Dec. 15, 2021) (summary order). Count 22 must be dismissed for lack of venue.

This same analysis applies to the following additional drug stash house counts, none of which are alleged to have been maintained within the Eastern District of New York:

- Count 23, which charges Mr. Ayers and three codefendants with maintaining a drug stash house in Carteret, New Jersey between January 2020 and June 2020. ECF No. 823, Indictment S-8 ¶66;
- Count 28, which charges Mr. Ayers and four codefendants with maintaining a drug stash house in Swanville, Maine between May 2020 and June 2020. *Id.* ¶71;
- Count 29, which charges Mr. Ayers and two codefendants with maintaining a drug stash house in Levant, Maine between May 2020 and June 2020. *Id.* ¶72;
- Count 30, which charges Mr. Ayers and two codefendants with maintaining a drug stash house in Detroit, Maine in or about June 2020. *Id.* ¶73; and
- Count 31, which charges Mr. Ayers and two codefendants with maintaining a drug stash house in Garland, Maine in or about June 2020. *Id.* ¶74.

Count 32 should likewise be dismissed for lack of venue. Count 32 charges that the same defendants named in Count 23 possessed cocaine and fentanyl in New Jersey in June 2020. *Id.* ¶75. Like Count 23, this offense is alleged to have occurred "within the District of New Jersey and elsewhere." *Id.* There is no allegation that any part of the crime was committed in the Eastern District of New York and again, we respectfully submit that for purposes of this substantive offense, no such allegation could be made. This charge was predicated on drugs allegedly recovered from a location in Cartaret, New Jersey. Count 34 should be dismissed for this same reason. Count 34 charges Mr. Ayers with being a felon in possession of firearms "within the District of New Jersey and elsewhere" on June 25, 2020. Like Counts 23 and 32, Count 34 does not allege that any part of the crime occurred in the Eastern District of New York, nor could it.

Based upon the foregoing, Counts 22, 23, 28, 29, 30, 31, 32 and 34 should be dismissed for lack of venue.

### IV. The Court Should Sever, or in the Alternative, Bifurcate Trial of the Felon in Possession Count.

Count 34 of Indictment S-8 charges Mr. Ayers with unlawfully possessing three firearms within the District of New Jersey and elsewhere on June 25, 2020, in violation of 18 U.S.C. § 922(g)(1). ECF No. 823, Indictment S-8 ¶77. Pursuant to 18 U.S.C. § 922(g)(1), an individual is prohibited from possessing a firearm if "convicted in any court, of a crime punishable by imprisonment for a term exceeding one year." In 2007, Mr. Ayers was convicted of attempted robbery in the second degree, aided by another in violation of New York Penal Law 160.10, a class D felony and sentenced to 30 months.

Fed. R. Crim. P. 8(a) permits the joinder of counts against a single defendant where the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute part of a common scheme or plan." *See* Fed R. Cr. P. 8(a). Count 34 lacks the necessary nexus to the other charged crimes to be joined with them for trial. Possession of a firearm as a prior convicted felon is not the "same or similar character" as racketeering, drug trafficking, or murder nor is it based on "the same act or transaction" or "part of a common scheme or plan" as the other crimes charged in the Indictment.

      Mr. Ayers is charged with Racketeering (Count 1), Conspiracy to Possess With Intent to Distribute Narcotics (Count 2), Unlawful Possession, Brandishing and Discharge of Firearms (Counts 3, 12, 13, 16 and 36), Money Laundering Conspiracy (Count 4), Conspiracy to Commit Murder-In-Aid-Of Racketeering (Counts 9 and 10), Assault In-Aid-Of Racketeering (Counts 11 and 15), Causing the Death of Jonathan Jackson Through the Use of a Firearm (Count 14), Maintaining a Stash House (Counts 17, 22, 23, 28, 29, 30, and 31), and Possession of Cocaine and Fentanyl With Intent to Distribute (Count 32). Mr. Ayers' prior conviction years before the alleged crimes in this case are alleged to have been committed have no relation or connection to the crimes for which he will be tried before this Court. His prior attempted robbery conviction is not the "same or similar" to the crimes charged and is clearly temporally unrelated to the remaining counts. Count 34 is improperly joined in this case.

      Should this Court find Count 34 is properly joined, we respectfully submit that the Court sever this count from the remaining counts pursuant to Fed. R. Crim. P. 14(a). The charges in this case are already overwhelming in their scope and allegations of violence. Mr. Ayers is charged with one murder and two attempted murders. The prejudice that will ensue from the jury learning of a prior conviction will be unsurmountable. It is for this reason that a defendant's criminal history is excluded from criminal trials. *See* Fed. R. Evid. 404(a). As the Government will argue that Mr. Ayers is a violent criminal while also telling the jury to ignore the fact that he is a convicted felon, a limiting instruction will not ameliorate the prejudice. (*United States v. Frey*, No. 2-19 CR 537 (DRH) (SIL), 2022 WL 2359665, (E.D.N.Y. June 30, 2022)). This requires "mental gymnastics which is beyond, not only their powers, but anybody else's." (*Nash v. United States*, 54 F. 2d 1006, 1007 (2d Cir. 1932)). As the Second Circuit ruled in *United States v. Jones*, 16 F. 3d 487, 492 (2d Cir. 1994) joinder of felon in possession charges with other charges requires "severance, bifurcation, or some other ameliorative procedure" in order to avoid the inevitable prejudice which ensues from joinder.

      Based upon the foregoing, request is made for the severance of Count 34 from the other charges in this case.

      Respectfully submitted,
*/s/ James Kousouros*
James Kousouros, Esq.
Counsel for Derrick Ayers

c.c.    All Counsel of Record (By ECF)