```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
THE UNITED STATES OF AMERICA,                               :
                                                            :
                                                            :   ORDER
              -against-                                     :
                                                            :   20-cr-239 (BMC)
JOHNNY CHILES,                                              :
                                                            :
                         Defendant.                         :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

    Defendant Johnny Chiles's motion to sever [1362] is granted for the reasons that follow.

    The indictment alleges a single instance in which Mr. Chiles, a security guard at Rikers Island correctional facilities, accepted a bribe from members of the Bully Gang so that they could smuggle K2 (a synthetic cannabinoid) into the facility. He is not alleged to be a member of the Bully Gang and, beyond the charged conduct, is not accused of having any meaningful contact with any members of the Bully Gang.

    It would be inefficient to require Mr. Chiles to sit through the entirety of the New York Pod trial (which may take six weeks to complete) when the evidence relating to his alleged crimes would take a few days to present at most. The Court considers the unnecessary burden it would place on Mr. Chiles and his counsel to sit through the entire New York Pod trial, the majority of which is entirely irrelevant to his alleged conduct. See United States v. Maisonet, No. 97-cr-817, 1998 WL 355414, at *3 (S.D.N.Y. July 1, 1998).

    Although some inefficiency will arise out of requiring the Government to introduce certain evidence in both the New York Pod trial and a separate trial against Mr. Chiles (namely, the evidence relevant to the alleged bribery), the amount of overlapping evidence and the

attendant burden to the Government is relatively small.  Although I do not consider the risk of spillover prejudice to be a sufficient ground to sever, there is no reason to take any risk of prejudice when the burden of a separate, short trial on the Government (and the Court) is minimal.

Mr. Chiles's motion to sever is therefore granted.  Time is excluded under the Speedy Trial Act until June 1, 2024, by which time the Court and the parties shall determine Mr. Chiles's new trial date, for ongoing production of discovery documents and plea discussions, and because although severed, the indictment against Mr. Chiles is still part of a previously designated complex case originally involving a total 53 defendants and as much as nine or ten in weeks for trials of other defendants. The Court finds that the ends of justice outweigh the public's and Mr. Chiles's interests in a speedy trial, especially since Mr. Chiles has effectively requested adjournment by moving to sever.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
      March 3, 2024