```
Federal Defenders                                           Appeals Bureau
OF NEW YORK, INC.                              52 Duane Street, 10th Floor
                                                        New York, NY 10007
                                         Tel: (212) 417-8742 Fax: (212) 571-0392
```

Tamara Giwa                                                Barry D. Leiwant
*Executive Director*                                    *Attorney-in-Charge*

June 6, 2024

**BY ECF**

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *United States v. Ayers, et al.*
            20-cr-239 (BMC)

Dear Judge Cogan,

      I write on behalf of all defendants in further support of our request that the Court, upon discharging juror 3, proceed with a jury of 11 rather than, as the government requests, substituting juror 3 with an alternate juror.

      Federal Rule of Criminal Procedure 23(b) provides: "After the jury has retired to deliberate, the court may permit a jury of 11 persons to return a verdict, even without a stipulation by the parties, if the court finds good cause to excuse a juror."

      Federal Rule 24(c )(3) provides that the court may retain alternate jurors after the jury retires to deliberate and that if an alternate replaces a juror after deliberations have begun, the court must instruct the jury to begin its deliberations anew."

      The government has argued that the revision of Rule 24(c )(3) in 1999 means that substituting an alternate after deliberations have commenced is now the "ordinary" and "conventional" course rather than proceeding with a jury of 11. Which would essentially overturn the longstanding preference among the courts and Congress to avoid substitution during deliberations, even if it requires proceeding with a jury of 11. The government's argument is incorrect and baseless.

      First, it is contrary to the advisory committee's own articulation of the 1999 amendments. The advisory notes to the 1999 amendments take cognizance of the 11-juror option and state:

      Rule 23(b) provides that in some circumstances a verdict may be returned by eleven jurors. In addition, there may be cases where it is better to retain the alternates when the jury retires, insulate them from the deliberation process. And have them available should one or more vacancies occur in the jury. That might be especially appropriate in a long, costly, and complicated case. To that end the Committee believed that the court should have the discretion to

1

decide whether to retain or discharge the jury retires to deliberate *or to use Rule 23(b) to proceed with eleven jurors and to substitute a juror or jurors with alternates who have not been discharged."*

<u>See also United States v. Frederick</u>, 608 Fed.App'x 744, (11th Cir. 2015) ("The district court did not abuse its discretion by permitting an eleven-member jury to continue deliberations and deliver a verdict. The Federal Rules of Criminal Procedure permit a judge to replace an excused juror with an alternate during deliberations, but they do not require a court to do so. See Fed.R.Crim.P. 24(c )(3).")

Thus, while the Court retains discretion as to which course to pursue, there is no reason it should discard the wisdom and guidance provided by the case law and commentary prior to 1999. In this case, where the jury is in its sixth day of deliberations in a long and complex trial with 27 counts and 4 defendants, that guidance overwhelmingly counsels against inserting an alternate and starting from scratch if the 11-juror option is available.

As the Second Circuit has observed, the Advisory Rules Committee, when comparing the two options, "expressed a strong preference for" permitting an eleven-juror verdict at the court's discretion to substituting an alternate. <u>See United States v. Hillard</u>, 701 F.2d 1052, 1060 (2d Cir. 1983). "In its view, the juror substitution alternative is problematic" for reasons that are familiar and well documented. <u>Id.</u>

As <u>Hillard</u> also noted, the need for a procedure short of a mistrial that would permit the fair and efficient resolution of a case once deliberations have begun and a juror becomes unavailable for service" is a problem that "is acute when the trial has been a lengthy one and consequently the remedy of a mistrial would necessitate a second expenditure of substantial prosecution, defense and court resources[.]" <u>Id.</u>

In <u>Hillard</u> the district court did not have the option of an eleven-juror verdict because at that time a stipulation was required. The Circuit has recognized that proceeding with 11 jurors is preferred not only to a mistrial but also to substitution of an alternate during deliberations. This Court has the 11-juror option, and the far better exercise of its discretion would be to use it. Asking a jury that has been deliberating for six days in a case like this will extend the already lengthy deliberations and increase the prospects of losing more jurors and requiring a mistrial.

We thank the Court for its consideration.

Respectfully Submitted,
/s/
Kannan Sundaram
Charles Millioen
Federal Defenders of New York

cc:     Government Counsel (by ECF)
         Co-Defendants' Counsel (by ECF)